IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RONALD JOHNSON,**

    **Plaintiff,**

    v.                              CASE NO. 22-3211-JWL-JPO

**WYANDOTTE COUNTY**
**DISTRICT COURT,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this matter as a "Notice of Removal of Civil Actions." Plaintiff purports to remove the civil action he filed in Wyandotte County District Court. *See Johnson v. Wyandotte County District Court*, Case No. 2022-CV-118, filed February 24, 2022, in the District Court of Wyandotte County, Kansas. The Court finds that it lacks jurisdiction and must remand this case to state court.

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The statute provides for removal by "the defendant or the defendants," it does not provide for removal by a plaintiff.

In *Montero v. Tulsa Airport Improvements*, the pro se plaintiff sued in state court and then purported to transfer or remove the case to federal court. *Montero v. Tulsa Airport Improvements*, 770 F. App'x 439 (10th Cir. 2019) (unpublished). The Tenth Circuit found that the district court lacked jurisdiction "because a plaintiff cannot . . . remove a case from state court to federal court under 28 U.S.C. § 1441." *Id*. at 440. "Section 1441 does permit removal

of a case from state court to federal court. But a plaintiff . . . cannot remove the case." *Id*. (citing *see Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643 (2d Cir. 1993) (per curiam) ("No section [of the U.S. Code] provides for removal by a plaintiff."); *see also* 14C Charles Alan Wright, et al.*, Federal Practice and Procedure* § 3730, at 607 (2018) (stating that "plaintiffs cannot remove" cases to federal court)).

**IT IS THEREFORE ORDERED BY THE COURT** that this case is **remanded** to the District Court of Wyandotte County, Kansas.  The Court directs the Clerk of Court to take all necessary steps to effectuate this remand.

**IT IS SO ORDERED**.

**Dated September 27, 2022, in Kansas City, Kansas.**

> S/  John W. Lungstrum
> JOHN W. LUNGSTRUM
> UNITED STATES DISTRICT JUDGE